UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA BAYHI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:16-cv-2273 DB<br><br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u> |

This social security action was submitted to the undersigned without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, the undersigned recommends that plaintiff's motion be denied, the decision of the Commissioner of Social Security ("Commissioner") be affirmed, and this matter be closed.

////

////

---

[1] On November 3, 2016, plaintiff filed both a consent to assignment to a United States Magistrate Judge and a request for reassignment to a United States District Judge. (ECF No. 6.) Out of an abundance of caution, the undersigned assumes plaintiff declined to consent to proceed before the undersigned. Accordingly, this matter has been referred to the undersigned pursuant to Local Rule 302(c)(15).

1

PROCEDURAL BACKGROUND

On April 18, 2012, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on October 1, 2011. (Transcript ("Tr.") at 140-43.) Plaintiff's application was denied initially, (id. at 86-89), and upon reconsideration. (Id. at 95-101.) Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on October 16, 2014. (Id. at 34-49.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 34-37.)

In a decision issued on January 30, 2015, the ALJ found that plaintiff was not disabled. (Id. at 29.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since October 1, 2011, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: bilateral hallux valgus, degenerative joint disease of the joints of the feet, obesity, an affective disorder, and a substance abuse disorder (20 C.F.R. § 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional physical capacity to perform light work, as defined in 20 C.F.R. § 404.1567(b). She retains the aptitudes and abilities to engage in simple, repetitive tasks equating to unskilled work with limited public interaction.
>
> 6. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).
>
> 7. The claimant was born on January 23, 1961, was fifty years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 C.F.R. § 404.1563).
>
> 8. The claimant has a limited education and is able to communicate in English (20 C.F.R. § 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a

|   |   |
|---|---|
| 1 | framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (*see* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2). |
| 2 | |
| 3 | 10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. § 404.1569 and 404.1569(a)). |
| 4 | |
| 5 | |
| 6 | 11.  The claimant has not been under a disability, as defined in the Social Security Act, at any time from October 1, 2011, through the date of this decision (20 C.F.R. § 404.1520(g)). |
| 7 | |

(Id. at 19-29.)

On July 28, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's January 30, 2015 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 23, 2016. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

////

| | |
|---|---|
| 1 | Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. |
| 2 | |
| 3 | Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. |
| 4 | |
| 5 | Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. |
| 6 | |
| 7 | |
| 8 | Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. |
| 9 | Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled. |
| 10 | |

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff is proceeding in this action pro se. On September 12, 2017, the undersigned issued an order to show cause because plaintiff failed to file a timely motion for summary judgment. (ECF No. 16.) On October 2, 2017, plaintiff filed a response to the order to show cause, stating:

> The reason for the delay in filing my motion for summary judgment is a simple one.
>
> I am not an attorney, nor can I afford an attorney at this stage of the case. I simply did not know what the next step was to this process.
>
> I continue to fight this case for I cannot afford to start all over. My condition continues to worsen (liver cirrhosis, thyroid condition) and it is taking so long to get further testing and/or treatment. (medical).

(ECF No. 17 at 2.) Plaintiff's response included copies of medical records. On October 4, 2017, the undersigned issued an order granting plaintiff twenty-one days to file a motion for summary

judgment and/or remand. (ECF No. 18.)

On October 26, 2017, plaintiff filed a purported "motion for summary and/or remand." (ECF No. 19.) Plaintiff's filing fails to challenge the ALJ's January 30, 2015 decision in any respect. Instead, the filing simply states:

> I am requesting a judgement on my case of almost four years provided any new information in my records will be considered as well as my existing condition and how it has worsened in these past few years.
>
> If you are unable to do so, then I request that my case be remanded back to a lower court so that I may find better legal representation than I had before. Thank you.

(Id. at 1-2.)

As the undersigned acknowledged in the October 4, 2017 order, the court is cognizant of the difficulties faced by pro se litigants. (ECF No. 18 at 1.) Nonetheless, plaintiff brought this action. Despite that fact, plaintiff has offered no argument as to why the ALJ's January 30, 2015 decision was not supported by substantial evidence or was based on legal error. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009)) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

Moreover, a review of the ALJ's decision finds that it appears to be based on substantial evidence and free of legal error. In this regard, the ALJ found that plaintiff had the residual functional capacity to perform light work limited to simple, repetitive tasks, and limited public interaction.[2] (Tr. at 22.) That finding is supported by the medical opinion of examining physician Dr. Jenna Brimmer. (Id. at 25, 291.) The opinion of an examining physician alone can constitute "substantial evidence" because it rests on an independent examination. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

////

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

Although additional mental impairments would be supported based on the opinions of two examining psychologists, the ALJ properly weighed these decisions. In this regard, Dr. Zoe Collins examined plaintiff in September of 2012 and opined, in relevant part, that plaintiff was markedly impaired in some respects. (Tr. at 26.) However, the ALJ only afforded partial weight to Dr. Collins' opinion because plaintiff presented for examination smelling "of alcohol," stated that she drank "five to six cocktails per day and had done so for approximately six to seven years," "reported that her last drink was the day of the evaluation," and complained that "she currently had a problem with alcohol." (Id. at 26.) "[T]he claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to [her] disability." Parra v. Astrue, 481 F.3d 742, 748 (9th Cir. 2007).

Likewise, in June of 2013, Dr. Amy Watt examined plaintiff and opined that plaintiff "was seriously impaired with all the basic abilities and aptitudes necessary to do most jobs." (Tr. at 26.) Dr. Watt's opinion was based on plaintiff "presenting with symptoms related to depression," including "depressed mood, tearfulness, social isolation, low motivation, low energy, as well as feelings of helplessness and hopelessness." (Id. at 295.) The ALJ, however, afforded "little weight" to Dr. Watt's opinion because plaintiff "misinformed Dr. Watt regarding [her] history of substance abuse." (Id. at 27.) In this regard, plaintiff "denied any history of substance abuse" to Dr. Watt. (Id. at 26, 295.)

As noted above, plaintiff told Dr. Collins in September of 2012 that "she currently had a problem with alcohol" and reported consuming alcohol daily for the prior six or seven years. (Id. at 26.) Moreover, the record reveals that in July of 2012, plaintiff presented to an emergency room "with alcohol-like odor on her breath endorsing dizziness."[3] (Id. at 24, 352.) A urine drug screen revealed an ethyl alcohol level of .227 grams per deciliter. (Id. at 24, 360.) Plaintiff also told Dr. Brimmer in October of 2012 that she drank up to five alcoholic beverages per day and had "a history of methamphetamine use until about 2010." (Id. at 24.)

////

---

[3] The medical record from this visit reflects that plaintiff stated to a nurse: "I am an alcoholic." (Id. at 352.)

6

In this regard, because Dr. Watt did not have accurate information with respect to plaintiff's history of substance abuse—as well as the possibility of current substance abuse—Dr. Watt's finding that plaintiff suffered from depression was properly called into question. Accordingly, the undersigned finds that the ALJ provided a specific and legitimate reason supported by substantial evidence in the record for affording Dr. Watt's opinion little weight. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected).

As noted above, plaintiff has submitted new evidence. (ECF No. 17 at 3-14.) In order to justify a remand based on new evidence, plaintiff must show that the evidence is "material to determining her disability, and that she had good cause for having failed to produce that evidence earlier." Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (citing 42 U.S.C. § 405(g)) (2001). "New evidence is material when it 'bear[s] directly and substantially on the matter in dispute,' and if there is a 'reasonabl[e] possibility that the new evidence would have changed the outcome of the . . . determination.'" Luna v. Astrue, 623 F.3d 1032, 1034 (9th Cir. 2010) (quoting Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001) (alterations and omission in original)). "As such, it must be probative of the claimant's condition at or before the time of the disability hearing." Held v. Colvin, 82 F.Supp.3d 1033, 1042 (N.D. Cal. 2015) (citing 20 C.F.R. § 404.970(b)).

Here, the evidence plaintiff has submitted includes the results of a September 8, 2015 digital screening bilateral mammography, the results of x-rays of plaintiff's knees and chest taken April 14, 2017, a May 9, 2017 chest CT scan, and a September 11, 2017 thyroid ultrasound.[4] (ECF No. 17 at 5-14.) Plaintiff fails to explain, however, how any of this evidence is probative of plaintiff's condition at the time of the ALJ's January 30, 2015 decision.

////

////

---

[4] Included with this evidence are results of x-rays of plaintiff's feet taken on September 28, 2012. (ECF No. 17 at 3.) That evidence, however, was considered by the ALJ as part of the ALJ's January 30, 2015 decision. See Tr. at 24, 405-06.

CONCLUSION

The undersigned finds that plaintiff is not entitled to summary judgment with respect to any claim of error.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a District Judge to this action.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 26, 2017 motion for summary judgment (ECF No. 19) be denied

2. Defendant's November 27, 2017 cross-motion for summary judgment (ECF No. 20) be granted;

3. The decision of the Commissioner of Social Security be affirmed; and

4. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 27, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\bayhi2273.f&rs